**FILED**
**SEPT. 27, 2021**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LARRY E. STARKS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-02422 (UNA) |
| | ) | |
| U.S. SENTENCING COMMISSION, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case for failure to state a claim, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff is a federal inmate currently designated to FCI Ashland. Compl. ¶ 10. In December 2009, he pled guilty to one count of knowingly and intentionally attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). *United States v. Larry Starks*, 3:09-cr-30070-SEM-TSH-1 (C.D. Ill. 2009) at ECF No. 14 (Plea Agreement Dec. 18, 2009). On July 26, 2010, Starks was sentenced to a term of imprisonment of 236 months. *Id.* at ECF No. 23 (Judgment).

In this matter, plaintiff has sued the United States and the United States Sentencing Commission, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Compl. ¶¶ 1–2, 5–7, 13, 15. He contends that

is entitled to declaratory and injunctive relief from his sentence because the sentencing court applied the Career Offender sentencing enhancement available under the U.S. Sentencing Guidelines, specifically U.S.S.G. § 4B1.2(b). Plaintiff contends that the enhancement violates the separation of powers principles of the Constitution and his Fifth Amendment rights. *Id.* ¶¶ 3, 9, 17–21, 27–8, 32, 34. He argues that "the sentencing Court invoked the Career Offender Enhancement on the basis that his instant offense for attempted manufacture of methamphetamine qualified as a Controlled Substance Offense under § 4B1.2(b)." *Id.* ¶ 22. He then submits that a "controlled substance offense" for purposes of the Career Offender provisions of the Sentencing Guidelines does not include "attempted" crimes, and therefore, the sentencing enhancement is inapplicable to his conviction of *attempting* to manufacture methamphetamine. *See id.* ¶¶ 19–24.

The first question before the Court at this stage, though, is whether it has jurisdiction to take up this question. When a case is brought against a governmental entity, an essential aspect of the jurisdictional analysis is whether that entity may be sued at all. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States and its agencies are immune from suit in their official capacities unless Congress has expressly waived the defense of sovereign immunity by statute. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Albrecht v. Comm. on Emp. Benefits of Fed. Rsrv. Emp. Benefits Sys.*, 357 F.3d 62, 67 (D.C. Cir. 2004) ("[f]ederal agencies or instrumentalities performing federal functions always fall on the 'sovereign' side of [the] fault line; that is why they possess immunity that requires waiver."). Consent may not be implied; it must be "unequivocally expressed." *United States v. 116 Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992). And a plaintiff bears the burden of establishing that

sovereign immunity has been abrogated. *See Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006), citing *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).

Plaintiff has based his claim in part on the Declaratory Judgment Act, but that statute does not provide a waiver of sovereign immunity. *See Stone v. HUD*, 859 F. Supp. 2d 59, 64 (D.D.C. 2012), citing *Walton v. Fed. Bureau of Prisons*, 533 F. Supp. 2d 107, 114 (D.D.C. 2008). **If there is a DC Cir case that says that, I'd cite it and not these.** While the APA does provide a limited waiver of sovereign immunity in suits seeking relief other than money damages, 5 U.S.C. § 702, the statute only permits review of agency action "for which there is no other adequate remedy in a court[,]" *id.* § 704. Here, the habeas corpus statute, 28 U.S.C. § 2255, provides an adequate and appropriate remedy for prisoners seeking attack federal convictions and sentences, and plaintiff has sought to attack his sentence collaterally through that means before.[1] Thus, as another court in this district noted in a case before it, the instant lawsuit is merely a "thinly veiled and improper attempt[] to collaterally attack" a sentence imposed by the Central District of Illinois. *See Stone*, 859 F. Supp. 2d at 63, *id.* n.2, 64 (finding that the court lacked subject matter jurisdiction over plaintiff's attempted APA challenge, and request for relief under the Declaratory Judgment Act, as to his conviction, sentence, and other terms of his plea agreement, because plaintiff could, and already did – albeit unsuccessfully – raise those claims pursuant to section 2255).

---

[1] The court takes judicial notice of plaintiff's previous unsuccessful challenges to his conviction, sentence, and even the very same sentencing enhancement. *See, e.g., Starks, Jr. v. United States*, 3:10-cv-3323-RM (C.D. Ill. 2010) at ECF No.1 (28 U.S.C. § 2255 Pet. filed Dec. 8, 2010) (challenging conviction and sentence), ECF No. 19 (dismissed on May 11, 2021), *cert. of appealability denied*, No. 12-3493 (7th Cir. Aug. 12, 2013) at ECF No. 39 (Mandate); *Starks v. Beard*, No. 20-cv-00055-GFVT (E.D. Ky. 2020) at ECF No. 1, (28 U.S.C. § 2241 Pet. filed May 18, 2020) (alleging that the Section 4B1.2(b) sentencing enhancement violated the separation of powers doctrine), ECF No. 8 (dismissed on August 31, 2020), *appeal dismissed*, No. 20-6254 (6th Cir. Feb. 10, 2021) at ECF No. 15 (USCA Dismissal Order). A successive Section 2255 motion can only be brought with the certification of a "panel of the appropriate court of appeals," 28 U.S.C. § 2255(h), which in this case is the Seventh Circuit.

Plaintiff contends that he has no adequate alternative avenue of relief under section 2255 because that route has already proved to be unsuccessful. *See* Compl. ¶¶ 22–24, 30. But "[a] petitioner may not complain that the remedies provided him by [§ 2255] are inadequate merely because he was unsuccessful when he invoked them." *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995); *see also Boyer v. Conaboy*, 983 F. Supp. 4, 7 (D.D.C. 1997) ("federal courts have been virtually unanimous that when a prisoner claims his § 2255 proceeding is inefficacious, '[l]ack of success in the sentencing court does not render his remedy inadequate or ineffective.' "), quoting *Boyden v. United States*, 463 F.2d 229, 230 (9th Cir.1972) and collecting cases.

Furthermore, plaintiff is barred from raising this claim pursuant to the explicit terms of his plea agreement. The relevant portion of the plea agreement states that plaintiff agreed to plead guilty and to knowingly and voluntarily waive "his right to challenge any and all issues relating to his plea agreement, conviction and sentence…*in any collateral attack*[,]" including any allegation that his sentence "was imposed in violation of the Constitution or laws of the United States[.]" *Starks*, 3:10-cv-3323-RM at ECF No. 19 (Dismissal Order), quoting the Plea Agreement (ECF No. 14) in *Starks*, 3:09-cr-30070-SEM-TSH-1 (emphasis added); *see also Starks*, No. 20-cv-00055-GFVT at ECF No. 8 (Memorandum & Order dismissing case).

A challenge under the APA is considered a collateral attack "if, in some fashion, it would overrule a previous judgment." *Stone*, 859 F. Supp. 2d at 64, quoting *37 Associates, Tr. for the 37 Forrester St., SW Trust v. REO Const. Consultants, Inc.*, 409 F. Supp. 2d 10, 14 (D.D.C. 2006). "Unlike a direct appeal, a collateral attack questions the validity of a judgment or order in a separate proceeding that is not intended to obtain relief from the judgment." *REO Const. Consultants, Inc.*, 409 F. Supp. 2d at 14, quoting *In re Am. Basketball League, Inc.*, 317 B.R. 121,

128 (2004).  The instant matter satisfies this standard because plaintiff intends to use this litigation for exactly that purpose.  He seeks to vacate the application of the sentencing enhancement through the APA and the Declaratory Judgment Act, *see, e.g.,* Compl. ¶ 28 (noting that he and others "would be allowed to be resentenced" and "obtain a reduced supervised release sentence"), when his "remedies, which the Court notes he has already pursued, are [instead] found in 28 U.S.C. § 2255 or the appellate process[,]" *Stone*, 859 F. Supp. 2d at 65.

Finally, courts have generally and routinely "upheld the [Sentencing] Commission's powers against a separation of powers challenge." *United States v. Williams*, 953 F. Supp. 2d 68, 73–4 (D.D.C. 2013), quoting *United States v. Anderson*, 686 F.3d 585, 590 (8th Cir.2012) (other citation omitted) (collecting cases).  There can be no such "constitutional problem" in the Sentencing Commission's issuance of either a policy statement or a guideline, because the Commission "does not act as a court and is not controlled by the judiciary." *Id.*, quoting *Anderson*, 686 F.3d at 590–91 (other citation omitted).

For all of these reasons discussed, this matter is dismissed in full and without prejudice to refiling only as to any habeas action brought in the appropriate court.  An order consistent with this memorandum opinion is issued separately.

Date:   September 27, 2021                       _____/s/_____
                                                                    AMY BERMAN JACKSON
                                                                    United States District Judge